80  499
152a 191

MARY E. WARD, Respondent, *v.* GEORGE B. BOYCE, Appellant.

*Property subjected to seizure to pay debts — action on a promissory note — when a*
*foreign judgment is not a bar thereto.*

Real and personal property may be subjected to seizure and sale for the payment
of the debts of the owner, according to the laws of the State or sovereignty
where the property is, but regard must be had to the fundamental condition that
due process of law shall precede the appropriation.  There must be notice, either
actual or constructive, to the owner and an opportunity afforded him to be
heard, in such way and in such form as the law may prescribe.

It is not a defense to an action brought upon a promissory note, that in an action
previously brought in another State against the husband of the plaintiff in the
subsequent action, such note was adjudged to be the property, not of such
plaintiff, but of her said husband, when the defendant in the prior action was
not notified of the commencement thereof and was in ignorance of the pen-
dency of the same, even though a notice was served upon the payee of the
note in question [the plaintiff in the subsequent action] directing her to appear
in the foreign action and prove her claim to the note, which she failed to do.

APPEAL by the defendant, George B. Boyce, from a judgment of
the Supreme Court in favor of the plaintiff, entered in the office of
the clerk of the county of Washington on the 5th day of March,
1894, upon the decision of the court rendered after a trial at the
Washington Circuit before the court without a jury.

The opinion of the trial court was as follows:

KELLOGG, J.:

The complaint in this action is upon a promissory note for the
sum of $150, made by the defendant payable to the plaintiff or her
order.  The answer in substance alleges as a bar to the recovery on
the part of plaintiff a judgment rendered before a justice of the
peace in the State of Vermont, in an action there brought by one
Alonzo Herrick against M. Eugene Ward, the husband of this
plaintiff, and claims that the justice determined that the note in
question was not the property of the plaintiff in this action, but the
property of her said husband, M. Eugene Ward.

The record of that proceeding before the justice shows that M.
Eugene Ward at the time of the commencement of the action and
at the time of the rendition of the judgment, was a resident of
Granville in the county of Washington and State of New York.

That the plaintiff in that action, Alonzo Herrick, was a resident of Poultney in the county of Rutland and State of Vermont.

The record further shows that no process or notice of any kind of the proceedings pending before the said justice was ever given to the defendant M. Eugene Ward. That no summons was published and no personal notice given to the defendant is shown. On the contrary, it is shown that the entire proceedings before the said justice were taken while the defendant M. Eugene Ward was wholly ignorant that any such proceedings were pending.

The record of such proceedings further shows that the justice rendered a judgment against the said defendant for the sum of $172.45 damages, and costs $4.34.

The record of the proceedings further shows that the defendant in this action, George B. Boyce, was a resident of the State of Vermont. That an attachment or trustee process was issued by the said justice and served upon the said George B. Boyce in the said State of Vermont on the 26th day of September, 1893, attaching whatever of indebtedness was owing by the said George B. Boyce to M. Eugene Ward. And thereafter, and on the 9th day of October, 1893, the said George B. Boyce appeared in said court and filed an affidavit whereby he disclosed to the said court that on the 4th day of September, 1893, he made the note in question in this action and says : " At said defendant's place in Granville, N. Y., I purchased several head of cattle for the price of $200, paying fifty dollars down. Mrs. Mary E. Ward claimed to own the cattle, and the sale to me was made in her name, although her husband (the defendant in that action) was present. I gave to Mrs. Ward my note payable to her for $150, payable one day from date. Said note is unpaid." He also discloses in said affidavit that no other property of any kind of the defendant's was in his possession, and he further asks that the said Mary E. Ward be cited to appear as claimant. The record further shows that these proceedings were then adjourned until November 27, 1893, and a citation was issued and the officers were directed to serve the same not less than six days before the 27th of November, 1893, upon Mary E. Ward, in substance requiring her to come in and make contest as to the ownership of the said note. The proceedings further show that such citation was served upon Mary E. Ward at Montpelier, in the State of Vermont, on the

21st day of November, 1893, personally, and that she did not appear or make any contest before the said justice touching the said note or its ownership. The record further shows that upon default of appearance of said Mary E. Ward the said justice on the 27th day of November, 1893, rendered a judgment against the maker of the said note, George B. Boyce, in favor of the said Alonzo Herrick, a creditor of this plaintiff's husband, for the amount of said note, $150, and interest.

It appears by the papers that prior to the rendition of such judgment against the defendant herein by the said justice, this action had been brought in the county of Washington and State of New York and personal service of summons and complaint herein had been made upon George B. Boyce, to wit, on the 24th day of October, 1893, and the record of the proceedings before the said justice does not disclose this fact, or that the said George B. Boyce made known the fact of the pendency of this action to the said justice, or asked to have a stay of the proceedings before the said justice until the determination of this action pending in the Supreme Court in Washington county in the State of New York.

The facts in this case present something more than can be found in the facts of any reported case to which my attention has been directed. It not only discloses the fact that the Justices' Courts in the State of Vermont assume the right to render judgments against debtors, residents of the State of New York, without giving them any notice whatever of the proceedings before them, either by publication or by personal service within or without the State; but discloses that such justices assume the additional power of determining, as to third parties, residents in the State of New York, any controversy respecting the claims of said third persons touching property which may be attached in the State of Vermont by the process of such justices in actions against others, and the right to bring in such parties and exercise the powers of a court of equity in determining as to such ownership, and as to any fraud which may have been practiced in acquiring a title to such property, all in the same action.

To a practitioner in the State of New York these powers of a justice of the peace in the State of Vermont appear to be largely in excess of the powers vested in the Supreme Court of this State,

either equitable or legal in a single action, but without passing upon the question of whether the Legislature of the State of Vermont may or may not vest such functions, all in a single action, in a justice of the peace within its jurisdiction, it seems to me that these proceedings before the justice are fatally defective. It is obvious that unless a judgment could have been rendered in that proceeding before the justice in the town of .Poultney which would have been a valid judgment against the party trusteed, namely, George B. Boyce, that the action there must wholly fail; that there could have been no lawful determination of the question as to whether the plaintiff in this action, Mary E. Ward, was in fact the owner of said note. On the assumption, then, that the indebtedness of George B. Boyce *was an indebtedness running to M. Eugene Ward,* the husband of this plaintiff, and not to this plaintiff herself, the judgment there would be no protection to George B. Boyce in any action commenced in the State of New York against George B. Boyce in the name of M. Eugene Ward. The facts in such case are exactly the facts in *Martin* v. *The Central Vermont Railroad Company* (reported in 50 Hun, 347), in which the court distinctly holds that such a judgment is void by reason of the 14th amendment to the Constitution of the United States, which says: " Nor shall any State deprive any person of life, liberty or property without due process of law." In this case as in that, no notice whatever was given to M. Eugene Ward, the alleged debtor, of the proceedings before the justice. In this case as in that, the notice of attachment was served upon M. Eugene Ward by the delivery of a copy to the party trusteed, namely, George B. Boyce. In this case as in that, no notice whatever of the pending proceedings was given to M. Eugene Ward, the alleged debtor. All the facts, indeed, are similar in all particulars to the facts set forth in the case reported. Little if anything can be added to the clear discussion of the subject entered into in the opinion of LEARNED, P. J., and LANDON, J., as reported in that action. It is, therefore, unnecessary to here discuss the subject; a simple reference to that case and the opinions therein written is sufficient.

The case of *Martin* v. *The Central Vermont Railroad Co.* has not been reversed, nor the principles therein enunciated in any manner overruled, so far as I have been able to discover. In fact this case

has been several times since quoted and approved, and must be taken to be the law until some higher court shall decide otherwise.

In *Douglass* v. *Phœnix Ins. Co.* (138 N. Y. at page 218) Justice ANDREWS uses this language : " Real and personal property may be subjected to seizure and sale for the payment of debts of the owner, according to the laws of the State or sovereignty where the property is, *having regard to the fundamental condition that due process of law shall precede the appropriation.*    *    *    *    There must be notice and an opportunity to be heard, either actual or constructive, in such way and form as the law may prescribe." I have not entered into the question, because it does not seem necessary, as to where the situs of the negotiable promissory note sued upon in this action actually was at the time of the pretended attachment by the justice's process in Vermont. The note was executed in the State of New York. It is dated in the State of New York. The payee, the plaintiff in this action, was then residing and resides now in the State of New York. Whether under such circumstances any process issued out of a court in the State of Vermont could reach this note is a very serious question. Referring to this question the language of Justice ANDREWS in *Douglass* v. *Phœnix Ins. Co.* (138 N. Y. at page 219) is applicable, namely: " It is at least doubtful whether this qualification of the general rule applies to negotiable instruments or other written obligations of a resident debtor, held by and in possession of his non-resident creditor."

In fact the case of *Osgood* v. *Maguire* (61 N. Y. 524) is authority against the proposition that the situs of negotiable paper can ever be determined by the laws of a State to be at the residence of the debtor, where the owner of such paper resides in another State, and such paper is made payable in such other State.

This seems to me to dispose of the whole contention on the part of the defendant; for if the judgment rendered by the justice in Poultney, Vermont, which is set up in the answer as a bar to this action, is void so far as such judgment relates to M. Eugene Ward, certainly the equitable part of such judgment determining that this note belongs to the said M. Eugene Ward and not the plaintiff herein is also void.

The plaintiff makes many objections to the record of these proceedings other than the one to which I have referred.   I have not,

however, given attention to such objections, nor have I passed upon them, for the reason that upon the merits and on the grounds stated I find that in no event can the Vermont judgment be a defense in this action.

*Potter & Lillie,* for the appellant.

*O. F. & R. R. Davis,* for the respondent.

PER CURIAM :

We have carefully examined the facts of this case, the authorities cited by the learned counsel for the respective parties, and the very able opinion of the learned trial judge, and have reached the conclusion that the judgment should be affirmed upon that opinion.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Judgment affirmed, with costs.